IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED
APR 29 2014
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| ANTHONY EVANS, <br><br> Plaintiff, <br><br> vs. <br><br> LEROY KIRKEGARD and TOM WILSON, <br><br> Defendants. | CV 13-75-H-DWM-RKS <br><br> ORDER |

Anthony Evans is a state prisoner proceeding pro se. He brings claims pursuant to 42 U.S.C. § 1983, contending Defendants violated the Equal Protection Clause of the Fourteenth Amendment by having a "total ban" on storage and purchase privileges at the Religious Activities Center for properly censored Christian Identity religious media and by refusing to allow Christian Identity adherents to have group worship to utilize Christian Identity religious media. He also alleges that the refusal to allow him to engage in group worship is a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Magistrate Judge Keith Strong recommends the Court dismiss

1

Evans' Amended Complaint for failure to state a claim. (Doc. 9.) The Court disagrees and finds that because Evans' allegations state a claim, Defendants must make an appearance on these claims.

Evans has not filed objections to Judge Strong's Findings and Recommendations. The Court reviews the findings and recommendations that are not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). The Court finds clear error with Judge Strong's determination that Evans' Amended Complaint fails to state a claim upon which relief can be granted.

Because the Findings and Recommendation discusses the factual and procedural background, it will not be restated here

I. **Pleading Standard**

A complaint must allege sufficient factual matter to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant acted unlawfully." *Id.*

## II. Equal Protection

Evans claims Defendants violated the Equal Protection Clause of the Fourteenth Amendment by not allowing: (1) the storage of properly censored Christian Identity religious media, (2) the purchase of such materials through the Inmate Welfare Fund, or (3) group worship using these materials, even though similar actions and activities are permitted for other religious groups.

"[T]he Equal Protection Clause entitles each prisoner to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (quoting *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). To prove that a regulation has been administered or enforced discriminatorily, a plaintiff must show more than the fact that a benefit was denied to one person and given to another. *Id.* To establish a claim for Equal Protection, a plaintiff must prove an intent to discriminate. *Snowden v. Hughes*, 321 U.S. 1, 8 (1944); *Wash. v. Davis*, 426 U.S. 229, 239 (1976).

3

Here, accepting the facts alleged in the Amended Complaint as true, Evans has sufficiently alleged unequal treatment and discriminatory intent as to state a claim upon which relief can be granted. Evans alleges that Defendants have refused to allow the storage or purchase through the Inmate Welfare Fund of Christian Identity religious media even though they have allowed other religious faiths to do both. He similarly contends that he has not been allowed to engage in group worship even though adherents of other faiths have been allowed to do so. Evans further asserts that the refusal to do so is based on a discriminatory intent, alleging he has been singled out as an adherent of Christian Identity and that Defendant Tom Wilson and Staff Attorney McKenzie McCarthy have stated that Christian Identity is not a legitimate religion. Accepting these facts as true, Evans has made a claim under the Equal Protection Clause that is plausible on its face.

### III. RLUIPA

Under RLUIPA, a government may not impose a substantial burden on the religious exercise of a confined person unless the government establishes that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). In any RLUIPA claim, the Court begins by identifying the "religious exercise" allegedly impinged upon and

4

then asks whether the prison regulation at issue "substantially burdens" that religious exercise. RLUIPA defines "religious exercise" broadly as to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). The Supreme Court has noted that "the 'exercise of religion' often involves not only the belief and profession but the performance of . . . physical acts [such as] assembling with other for a worship service [or] participating in sacramental use of bread and wine." *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005). A "substantial burden" is a burden that imposes a "significantly great restriction or onus" upon a prisoner's exercise of religion. *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005). Under this two-step test, Evans' RLUIPA claims as they relate to group worship state a claim upon which relief can be granted.

Evans alleges that group worship is a component of his faith and that Defendants have substantially burdened his ability to engage in it. Group worship has been recognized as "religious exercise" and an outright ban on such activity has been found to be a substantial burden. *Greene v. Solano Co. Jail*, 513 F.3d 982, 988 (9th Cir. 2008); *see also Cutter*, 544 U.S. at 720. Evans alleges that Defendants denied him the opportunity to group worship on the grounds that he

5

needs five persons and that even when he has shown there are five willing participants in his housing unit, he has been denied group worship in spite of that fact. Construing these facts as true, Evans has stated a claim under RLUIPA that is plausible on its face.[1]

## IV. Conclusion

The Court concludes that dismissal of Evans' Amended Complaint is not appropriate at this time. Defendants must make an appearance on these claims. The Court makes no conclusions about the truth of Evans' allegations or about the strength of his claims or of the evidence he might offer to corroborate them. The Court only finds that Evans has said enough to require a response from these Defendants.

Accordingly, IT IS ORDERED:

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Leroy Kirkegard and Tom Wilson to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the**

---

[1] The Court does not address whether Evans has adequately pled a RLUIPA claim based on Defendants refusal to allow storage or purchase privileges for Christian Identity materials as no such claim is alleged in the Amended Complaint. (*See* Doc. 8.)

**Notice of Electronic Filing**. If Defendants choose to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

2. The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

* the Complaint (Doc. 2);

* Order permitting Amended Complaint (Doc. 7);

* Amended Complaint (Doc. 8);

* Judge Strong's Findings and Recommendation (Doc. 9);

7

* this Order;

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed. R. Civ. P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was

deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Evans *shall not* make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Evans shall immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Dated this 24th day of April, 2014.

_____
Donald W. Molloy, District Judge
United States District Court

9

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against you or an individual you may represent. A copy of the Amended Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-13-00075-H-DWM-RKS. The Court has completed its pre-screening and concludes you must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," served with this Notice.

If you comply with this request and timely file the waiver, no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on you and may impose the full costs of such service.

_____
United States District Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

   The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: *Evans v. Kirkegard, et al.*, Civil Action No. CV-13-00075-H-DWM-RKS filed in the United States District Court for the District of Montana. Defendants also received a copy of the Amended Complaint. Defendants agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed. R. Civ. P. 4:

_____;  _____;

_____;  _____;

_____;  _____;

_____;  _____;

   The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. We understand judgments may be entered against the above-named defendants if an answer or motion under Fed. R .Civ. P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

   The following defendant declines to waive service.

_____;  _____;

_____;  _____;


_____          _____
DATE                                          SIGNATURE

                                   _____
                                   PRINTED/TYPED NAME

                                   _____

                                   _____
                                   ADDRESS